■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND L. SAMSON, Appellant. — Order unanimously reversed and matter remitted to Monroe County Court for hearing in accordance with the following Memorandum: Defendant alleges in his petition that in court he asked his attorney whether, if he proceeded to trial, they could "use a murder charge that happened when he was a juivenile [sic] against him "; that his attorney said he would ask the

District Attorney; and "that he then returned with the District Attorney and stated to the defendant that he (presumably the District Attorney) could and would use it against the defendant." The defendant has designated by name the Assistant District Attorney in whose presence the alleged statement was made. The defendant further alleges that the District Attorney "tricked" defendant into pleading guilty, that his attorney "conspired with the District Attorney" to get defendant to withdraw his plea of not guilty and to plead guilty, and that defendant's plea of guilty was obtained by fraud and deceit of the officer of the court. Although defendant has not expressly alleged that his attorney made the alleged statement within the hearing of the District Attorney or that the District Attorney actually knew of the attorney's advice to the defendant, he leaves it to be inferred that the District Attorney heard and acquiesced in the statement. The affidavit in behalf of the District Attorney does not deny such allegations of the petition. In addition, in his brief the District Attorney accepts defendant's contention that defendant's attorney gave defendant such advice "in the presence of the District Attorney". The undenied petition, therefore, presents a question of fact (see *People* v. *Piccotti,* 4 N Y 2d 340; *People* v. *Whipple,* 27 A D 2d 799; *People* v. *Gleason,* 18 A D 2d 959), requiring a hearing. Since we find no merit to any other aspect of this appeal, we remand solely for the purpose of affording defendant a hearing as to whether said alleged statement of defendant's attorney, if made, was made in the presence and hearing of the District Attorney. (Appeal from order of Monroe County Court denying, without a hearing, motion to vacate judgment of conviction for grand larceny, second degree, rendered November 27, 1956.) Present — Bastow, P. J. Goldman, Marsh, Witmer and Henry, JJ.